PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN MOLL-FERRER, Defendant and Appellant.

No. 2748.   Argued November 10, 1926.—Decided January 26, 1927.

*Felipe Colón, José R. Gelpí* and *Leopoldo Tormes* for the appellant.
    *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Juan Moll-Ferrer was convicted of voluntary homicide and sentenced to three years in the penitentiary.

He appealed and his first assignment of error is that the indictment does not show that the foreman of the grand jury signed it. However, on the back of the indictment appears the following, which was overlooked by the defendant:

"No. 500.—District Court of Ponce.—People of Porto Rico *v.* Juan Moll-Ferrer.—Murder in the second degree.—Adjuntas.— Indictment.—The Grand Jury, after weighing the evidence, finds this to be a True Bill.—Ponce, July 31, 1924.—(Signed) Rafael Mejía, Foreman.—Filed July 31, 1924.—(Signed) E. Gotay Purcell, Secretary.—(Signed) Agustín E. Font, District Attorney."

The second error assigned in the admission of the written testimony of witness Luis Barriera before the Municipal Judge of Adjuntas "as evidence in rebuttal after the time for the prosecuting attorney to introduce his evidence had expired and because of the impropriety thereof on this account."

In connection with that testimony the parties, with the approval of the court, made the following stipulation:

"Defendant's attorney Gelpí and the district attorney agree on the introduction of the sworn statement of Luis Barriera given before the Municipal Judge of Adjuntas on July 19, 1924, and they accept the contents of that statement as the testimony of Luis Barriera as if he were to testify today before the court; but defendant's attorney, accepting said evidence as if it were given orally by the witness, makes the objection that it does not constitute evidence in rebuttal and therefore objects thereto.

"Judge: The court approves the stipulation made by the parties."

In the first place, the court below had discretion to allow

the district attorney to submit the said evidence after the time mentioned by defendant; and in the second place, assuming that there was error, it was committed at the invitation of the defendant, who would not have been prejudiced thereby since Barriera's written testimony, even if considered as evidence in rebuttal of the testimony of defendant's witness Augusto Ríos or of the defendant himself, tended rather to favor the latter because the offense is described therein as voluntary homicide, whereas in the original indictment it had been described as murder in the second degree.

The last two assignments refer to the weighing of the evidence. We have considered it carefully and it upholds the verdict of the jury. The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.